**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FAISAL MUSTAFA, Individually and on Behalf of All Those Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>LIMELIGHT NETWORKS, INC., GOLDMAN SACHS & CO., MORGAN STANLEY & CO., INC., JEFFREY LUNSFORD, NATHAN RACIBORSKI, ALLAN M. KAPLAN, JOSEPH H. GLEBERMAN, and PETER J. PERRONE,<br><br>　　　　　　　Defendants. | ECF CASE<br><br>Civil No. 07-CV-7205 (PAC)<br><br><br><br>CLASS ACTION |

(Captions Continued. . . .)

### MEMORANDUM OF LAW IN SUPPORT OF DENNIS GOLD'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

Gregory M. Nespole
Laurence J. Hasson
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
(212) 545-4600
*Attorneys for Plaintiffs Dennis Gold and Hendo Weernink*

TIM RADECKI, Individually and on Behalf of All Those
Similarly Situated,

        Plaintiff,

    vs.

LIMELIGHT NETWORKS, INC., JEFFREY W.
LUNSFORD, MATTHEW HALE, NATHAN F.
RACIBORSKI, ALLAN M. KAPLAN,
JOSEPH H. GLEBERMAN, PETER J.
PERRONE, GOLDMAN, SACHS & CO., and
MORGAN STANLEY & CO., INCORPORATED,

        Defendants.

ECF CASE

Civ. No. 07-CV-7394 (PAC)

CLASS ACTION

HENDO WEERNINK, Individually and on Behalf of All
Those Similarly Situated,

        Plaintiff,

    vs.

LIMELIGHT NETWORKS, INC., GOLDMAN
SACHS & CO., MORGAN STANLEY & CO.,
INC., JEFFRIES & COMPANY, INC., PIPER
JAFFRAY & CO., FRIEDMAN, BILLINGS,
RAMSEY & CO., INC., JEFFREY LUNSFORD,
MATTHEW HALE, WALTER D. AMARAL,
JOSEPH H. GLEBERMAN, FREDERIC W.
HARMAN, MARK A. JUNG, ALLAN M. KAPLAN,
PETER J. PERRONE, DAVID C.
PETERSCHMIDT, NATHAN F. RACIBORSKI,
and GARY VALENZUELA,

        Defendants.

ECF CASE

Civ. No. 07-CV-7404 (PAC)

CLASS ACTION

| | |
|---|---|
| SCOTT KAIRALLA, Individually and on Behalf of All Those Similarly Situated, | ECF CASE |
| Plaintiff, | Civ. No. 07-CV-7417 (PAC) |
| vs. | |
| LIMELIGHT NETWORKS, INC., JEFFREY W. LUNSFORD, MICHAL M. GORDON, WILLIAM H. RINEHART, MATTHEW HALE, NATHAN F. RACIBORSKI, WALTER D. AMARAL, JOSEPH H. GLEBERMAN, FREDERIC W. HARMAN, MARK A. JUNG, ALLAN M. KAPLAN, PETER J. PERRONE, DAVID C. PETERSCHMIDT, GARY VALENZUELA, GOLDMAN, SACHS & CO., JEFFRIES & COMPANY, INC., MORGAN STANLEY & CO., INCORPORATED, PIPER JAFFRAY & CO. and FRIEDMAN, BILLINGS, RAMSEY & CO., INC, | CLASS ACTION |
| Defendants. | |
| BENJAMIN PAUL, Individually and on Behalf of All Those Similarly Situated, | ECF CASE |
| Plaintiff, | Civ. No. 07-CV-7432 (PAC) |
| vs. | |
| LIMELIGHT NETWORKS, INC., GOLDMAN SACHS & CO., MORGAN STANLEY & CO., INC., JEFFREY w. LUNSFORD, NATHAN F. RACIBORSKI, and ALLAN M. KAPLAN, | CLASS ACTION |
| Defendants. | |

ALICE ARTIS, Individually and on Behalf of All Those Similarly Situated,

                   Plaintiff,

       vs.

LIMELIGHT NETWORKS, INC., JEFFREY W. LUNSFORD, MATTHEW HALE, NATHAN RACIBORSKI, MICHAEL W. GORDON, WILLIAM H. RINEHART, ALLAN M. KAPLAN, WALTER D. AMARAL, JOSEPH H. GLEBERMAN, FEDERC W. HARMON, MARK A. JUNG, PETER J. PERRONE, DAVID C. PETERSCHMIDT, GARY VALENZUELA, GOLDMAN SACHS & CO., MORGAN STANLEY & CO., INC., JEFFRIES & COMPANY, INC., PIPER JAFFRAY & CO., FRIEDMAN, BILLINGS, RAMSEY & CO., INC.,

                   Defendants.

ECF CASE

Civ. No. 07-CV-7475 (PAC)

CLASS ACTION

TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………………………….ii

INTRODUCTION .................................................................................................... 1

PROCEDURAL HISTORY ....................................................................................... 2

STATEMENT OF FACTS ........................................................................................ 3

ARGUMENT ........................................................................................................... 5

I.    THE ACTIONS SHOULD BE CONSOLIDATED ........................................... 5

II.   MR. GOLD SHOULD BE APPOINTED LEAD PLAINTIFF ........................... 5

      A.    The Procedure Required By The PSLRA………………………………………5

      B.    Mr. Gold Satisfies the "Lead Plaintiff" Requirements of the PSLR…………….....7

            1.    Mr. Gold Has Complied with the PSLRA and Should Be Appointed Lead
                  Plaintiff ................................................................................... 7

            2.    Mr. Gold Has the Largest Financial Interest in the Relief Sought
                  by the Class ............................................................................. 7

            3.    Mr. Gold Otherwise Satisfies Rule 23 ..................................... 8

III.  THE COURT SHOULD APPROVE MR. GOLD'S CHOICE OF COUNSEL
      AS LEAD COUNSEL………………………………………………………………...10

CONCLUSION....................................................................................................... 11

## TABLE OF AUTHORITIES

In re AMF Bowling Securities Litigation,
    99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949 (S.D.N.Y. Mar. 25, 2002) .................................9

Bassin v. Decode,
    04 Civ. 7050, 2005 U.S. Dist. LEXIS 51
    (S.D.N.Y. Jan. 3, 2005) ..............................................................................................................7

Bishop v. New York City Department of Housing Preservation and Development,
    141 F.R.D. 229 (S.D.N.Y. 1992) ...............................................................................................9

In re Cavanaugh,
    306 F.3d 726 (9th Cir. 2002) ......................................................................................................6

Ferrari v. Impath,
    03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898
    (S.D.N.Y. July 15, 2004) .............................................................................................................8

Fischler v. Amsouth Bancorporation,
    96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875
    (M.D. Fla. Feb. 6, 1997) ..............................................................................................................8

Greebel v. FTP Software,
    939 F. Supp. 57 (D. Mass. 1996) ................................................................................................6

Johnson v. Celotex Corporation,
    899 F.2d 1281 (2d Cir. 1990),
    cert. denied, 498 U.S. 920 (1990) ...............................................................................................5

Lax v. First Merchants Acceptance Corporation,
    97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 11, 1997) ............................................................................................................8

In re Livent, Inc. Noteholders Securities Litigation,
    210 F.R.D. 512 (S.D.N.Y. 2002) ...............................................................................................9

Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. LaBranche & Co.,
    Inc.,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................................7

Sczesny Trust v. KPMG LLP,
    223 F.R.D. 319 (S.D.N.Y. 2004) ...........................................................................................7, 8

In re Sumitomo Copper Litigation,
    194 F.R.D. 480 (S.D.N.Y. 2000) ...............................................................................................9

In re Sumitomo Copper Litigation,
   182 F.R.D. 85 (S.D.N.Y. 1998) ...............................................................................9

Zaltzman v. Manugistics Group, Inc.,
   98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867
   (D. Md. Oct. 8, 1998) .............................................................................................9

## STATUTES & RULES

15 U.S.C. § 77k ..........................................................................................................1
15 U.S.C. § 77z-1(a)(1) ...............................................................................................5
15 U.S.C. § 77z-1(a)(3)(A) ........................................................................................5,6
15 U.S.C. § 77z-1(a)(3)(B) ....................................................................................passim
15 U.S.C. § 78j(b) .......................................................................................................1
15 U.S.C. § 78t(d) ........................................................................................................1
15 U.S.C. § 78u-4 .......................................................................................................1
15 U.S.C. § 78u-4(a)(1) ...............................................................................................5
15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................5, 6
15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................6, 7, 8, 10

Federal Rules of Civil Procedure
   § 23(a) ...............................................................................................6, 8, 9, 10
   § 42(a) ............................................................................................................5

17 C.F.R. § 240.10b-5 .................................................................................................1

Mr. Dennis Gold submits this memorandum of law in support of his motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff, pursuant to Section 27 of the Securities Act of 1933 (the "Securities Act") and Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

## INTRODUCTION

These Actions are securities class actions brought against certain officers and directors of Limelight Networks Inc. (hereinafter "Limelight" or the "Company"), and the Company's underwriters Goldman Sachs & Co. ("Goldman Sachs"), Morgan Stanley & Co., Inc. ("Morgan Stanley"), Jefferies & Company, Inc. ("Jefferies & Co."), Piper Jaffray & Co. ("Piper Jaffray"), and Friedman, Billings, Ramsey & Co., Inc. ("Friedman Billings") (collectively, "Defendants") for violations of Sections 11, 12(a)2 and 15 of the Securities Act, and for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The Actions were filed on behalf of a class (the "Class") consisting of all persons, other than defendants, who acquired Limelight common stock from the date of the Company's initial public offering on June 8, 2007 (the "IPO"), through August 8, 2007 (the "Class Period") to recover damages caused by Defendants' violations of the federal securities laws.

The Complaints allege that Limelight's registration statement and prospectus (the "Prospectus") contained both material misstatements and omissions, which plaintiff and the Class relied upon to their detriment. The representations made in the Company's Prospectus were materially false and misleading because at the time of the IPO, Limelight was already suffering from several adverse factors related to pricing pressures and customer demands that

were not revealed and/or adequately addressed in the document. These factors include, but are not limited to, Defendants' knowledge of seasonal drop-offs in Limelight's business attributed to television industry operations, and that the Company needed to deeply discount the price of its services because of customers' refusal to pay premium rates. Both factors were already causing a material adverse affect on Limelight's business and may continue to affect the Company's viability going-forward.

Mr. Dennis Gold is an individual investor. During the Class Period, Mr. Gold purchased 3,800 shares of Limelight common stock and sustained losses of approximately $31,967 as a result of Defendants' misconduct. Mr. Gold believes that he suffered the largest financial interest in the litigation of any movant, and otherwise qualifies as the most qualified Lead Plaintiff.

Apart from the substantial monetary loss suffered by Mr. Gold, he exemplifies the type of Lead Plaintiff Congress envisioned when crafting the PSLRA. On September 6, 2007, he executed an accurate and full certification detailing his transactions in Limelight common stock during the Class Period. He also indicated his willingness to serve as a Lead Plaintiff on behalf of the Class and to work closely with his selected counsel, Wolf Haldenstein, during the prosecution of this litigation. Accordingly, this Court should grant Mr. Gold's application seeking an order appointing him Lead Plaintiff, as well as approval of his selection of Wolf Haldenstein as Lead Counsel for himself and the Class as set forth herein.

## PROCEDURAL HISTORY

On August 13, 2007, plaintiff Mustafa filed a complaint against Limelight and certain of its officers, directors, and underwriters in the Southern District of New York. The Mustafa complaint alleges a class period of June 8, 2007, to August 8, 2007, inclusive. Shortly thereafter,

five additional complaints were filed in the Southern District of New York arising out of the same facts. The Radecki, Weernink, and Kairalla complaints were filed on August 20, 2007, the Paul complaint was filed on August 21, 2007, and the Artis complaint was filed on August 23, 2007. One additional complaint was filed in the District of Arizona on August 21, 2007.[1] The complaints in the New York cases and the Arizona case are nearly identical.

Pursuant to the strictures of the PSLRA, on August 13, 2007, notice was published over a nationally recognized newswire advising the Class that a stockholder initiated a lawsuit against the Company and certain of its officers, directors, and underwriters.

In accordance with the PSLRA, Mr. Gold now timely moves to be appointed Lead Plaintiff in the consolidated actions and for Wolf Haldenstein to be appointed as Lead Counsel.

## STATEMENT OF FACTS

On March 22, 2007, Limelight – a content delivery network provider for the media market – filed a Prospectus with the SEC, indicating its intent to float an initial public offering for the Company's common stock. Prior to the IPO, 16 directors and executives collectively owned 66% of Limelight while the rest of the Company was owned by investment firms, including an investor group let by Goldman Sachs affiliates. The Goldman Sacks affiliates bought a controlling stake in the Company in 2006 for $130 million.

The Actions assert that Limelight's Prospectus contained both material misstatements and omissions, which plaintiffs and the Class relied upon to their detriment. The representations made in the Company's Prospectus were materially false and misleading because at the time of the IPO, Limelight was already suffering from several adverse factors that were not revealed

---

[1] The District of Arizona case is captioned <u>Heffez v. Limelight Networks, Inc.</u>, No. 2:07-cv-01603-SRB.

and/or adequately addressed in the document. These factors include, but are not limited to, Defendants' knowledge of seasonal drop-offs in Limelight's business attributed to television industry operations, and that the Company needed to deeply discount prices because of customers' refusal to pay premium rates for its services. Both factors were already causing a material adverse affect on Limelight's business and may continue to affect the Company's viability going-forward.

The Defendants could have – and should have – discovered the material misstatements and omissions in the Company's Prospectus prior to its filing with the SEC and distribution to the investing public. Instead, they failed to do so as a result of a negligent and grossly inadequate due diligence investigation.

The adverse factors affecting Limelight's business were first revealed on August 9, 2007, in a teleconference convened by Limelight management and a Company issued press release announcing results for the quarter ended June 30, 2007.

The August 9, 2007, announcements forecast a weak current quarter due to seasonality and pricing pressure, which caused the price of Limelight's common stock to plunge 40% in a single day, to close at $8.99 from the previous day's price of $14.80. Limelight's stock continued its sharp decline on August 10, 2007, closing at $7.94, culminating in a total loss of $6.86, or a staggering 46%, in just two days.

Plaintiffs and the Class have suffered serious financial damage as a result of Defendants' material misstatements and omissions in the Company's Prospectus, and bring these Actions to recover damages incurred thereby as well as the costs and expenses of this litigation and any further relief as may be just and proper.

**ARGUMENT**

**I.     THE ACTIONS SHOULD BE CONSOLIDATED**

Consolidation is appropriate where, as here, there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990).  The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. § 77z-1(a)(3)(A)(ii) and 15 U.S.C. § 78u-4(a)(3)(A)(ii).  All six Actions involve class action claims on behalf of all purchasers of Limelight common stock during the Class Period.  Each Action alleges the same set of operative facts, and substantially similar violations of the federal securities laws.  The consolidation test, therefore, has been met and it is highly unlikely that Defendants will take a counter position to consolidation.  Accordingly, consolidation is appropriate.

**II.     MR. GOLD SHOULD BE APPOINTED LEAD PLAINTIFF**

**A.     The Procedure Required By The PSLRA**

The PSLRA established procedures that govern the appointment of a lead plaintiff in "each action arising under [the Securities Act of 1933 and the Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, notice of a related action was published via Market Wire on August 13, 2007.  See Nespole Decl., Ex. 1

Second, within 60 days after publication of the first notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed lead

plaintiff, whether or not they previously filed a complaint in the action.  15 U.S.C. § 77z-1(a)(3)(A) and (B); 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).   In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).  See Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).  See also In re Cavanaugh, 306 F.3d 726, 729 n.2 (9th Cir. 2002): "The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff."  Nevertheless, the Court may consider other factors in addition to the size of the loss.  These considerations include whether under Rule 23, the candidate is a typical and adequate representative.  Moreover, even if a movant does not have the largest loss per se, it may rebut the presumption afforded the larger stockholder by demonstrating that the larger stockholder does not satisfy Rule 23 or that the movant is otherwise more adequate.

B.    **Mr. Gold Satisfies the "Lead Plaintiff" Requirements of the PSLRA**

    1.    **Mr. Gold Has Complied with the PSLRA
and Should Be Appointed Lead Plaintiff**

Pursuant to the provisions of the PSLRA, Mr. Gold timely moved to be appointed Lead Plaintiff.  He signed and filed a certification stating that: (i) he has reviewed the complaint filed in this action; and (ii) is willing to serve as a representative party on behalf of the Class.  See Nespole Decl., Ex. 2.  In addition, Mr. Gold selected and retained experienced and competent counsel to represent himself and the Class.  See Nespole Decl., Ex. 4.

Accordingly, Mr. Gold satisfied the individual requirements of 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), and is therefore entitled to have his application for appointment as Lead Plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

    2.    **Mr. Gold Has the Largest Financial
Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii) of the Securities Act and 15 U.S.C. § 78u-4(a)(3)(B)(iii) of the Exchange Act, the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.  "In light of the PSLRA's silence in prescribing a method for assessing a movant's financial interest, courts have examined several factors such as: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Bassin v. Decode, 04 Civ. 7050, 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005).  See also Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., 03 Civ. 8264, 2004 U.S. Dist. LEXIS 9571, at *7 (S.D.N.Y. May 27, 2004) (quoting Lax v. First Merchants Acceptance Corp., 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)); Sczesny Trust v. KPMG LLP, 223

F.R.D. 319, 323 (S.D.N.Y. 2004); <u>Ferrari v. Impath</u>, 03 Civ. 5667, 2004 U.S. Dist. LEXIS 13898, at *4 (S.D.N.Y. July 15, 2004).

During the Class Period, as evidenced by the accompanying signed certification and loss chart, Mr. Gold acquired 3,800 shares of Limelight common stock and suffered approximately $31,967 in losses as a result of Defendants' misconduct.  <u>See</u> Nespole Decl., Ex. 2, 3.  Mr. Gold has not received notice of any other applicant that has sustained greater financial losses in connection with the purchase and/or sale of the Company's common stock.  Mr. Gold therefore has the most significant financial interest in this case.

### 3.  <u>Mr. Gold Otherwise Satisfies Rule 23</u>

According to 15 U.S.C. § 77z-1(a)(3)(B) of the Securities Act and 15 U.S.C. § 78u-4(a)(3)(B) of the Exchange Act, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) [T]he class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  <u>Lax</u>, 1997 U.S. Dist. LEXIS 11866, at *20; <u>Fischler v. Amsouth Bancorporation</u>, 96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb.

6, 1997); <u>Zaltzman v. Manugistics Group, Inc.</u>, 98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867, at

*20 (D. Md. Oct. 8, 1998).

      Mr. Gold satisfies both the typicality and adequacy requirements of Rule 23, thereby

justifying his appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the

representative parties must be typical of those of the class.  Typicality exists if claims "arise from

the same course of events, and each class member makes similar legal arguments to prove the

defendant's liability."  <u>See</u> <u>In re AMF Bowling Securities Litigation</u>, No. 99 Civ. 3023, 2002

U.S. Dist. LEXIS 4949, *12 (S.D.N.Y. Mar. 26, 2002); <u>In re Sumitomo Copper Litigation</u>, 194

F.R.D. 480, 482 (S.D.N.Y. 2000).  However, the claims of the class representative need not be

identical to the claims of the class to satisfy typicality.  <u>See</u> <u>In re AMF Bowling Securities</u>

<u>Litigation</u>, 2002 U.S. Dist. LEXIS 4949.  Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are
> factual dissimilarities or variations between the claims of the
> named plaintiffs and those of other class members, including
> distinctions in the qualifications of the class members.

<u>Bishop v. New York City Dep't of Hous. Pres. and Dev.</u>, 141 F.R.D. 229, 238 (S.D.N.Y. 1992).

<u>See</u> <u>also</u> <u>In re Sumitomo Copper Litigation</u>, 182 F.R.D. 85, 92 (S.D.N.Y. 1998) (Noting that "[i]t

is well settled in this Circuit that factual differences in the amount of damages, date, size or

manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other

such concerns will not defeat class action certification when plaintiffs allege that the same

unlawful course of conduct affected all members of the proposed class.").

      Mr. Gold seeks to represent a class of all persons, other than Defendants, who acquired

Limelight common stock during the Class Period, who have identical, non-competing and non-

conflicting interests.  Mr. Gold satisfies the typicality requirement because he: (i) acquired

Limelight common stock during the Class Period; (ii) at a price allegedly artificially inflated as a

result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Mr. Gold arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. In re Livent, Inc. Noteholders Securities Litigation, 210 F.R.D. 512, 516 (S.D.N.Y. 2002).

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. In re Livent, 210 F.R.D. at 512.

Mr. Gold is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Gold, his interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between his interests and those of the proposed class. In addition, Mr. Gold's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Gold satisfies the commonality, typicality, and adequacy requirements of Rule 23.

Mr. Gold satisfies all of the PSLRA's prerequisites and practices of this judicial district for appointment as Lead Plaintiff and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and 15 U.S.C. § 78u-4(a)(3)(B), of a class consisting of all persons that purchased Limelight common stock during the Class Period.

## III.    THE COURT SHOULD APPROVE MR. GOLD'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v) of the Securities Act and 15 U.S.C. § 78u-4(a)(3)(B)(v) of the Exchange Act, the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. Mr. Gold has selected and

retained Wolf Haldenstein to serve as Lead Counsel for the Class.  Wolf Haldenstein has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts.  See Nespole Decl., Ex. 4.

Because there is nothing to suggest that Mr. Gold or their counsel will not fairly and adequately represent the Class, or that Mr. Gold is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint Mr. Gold as Lead Plaintiff and approve Wolf Haldenstein as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Mr. Gold respectfully requests that the Court:  (i) consolidate the above-captioned actions; (ii) appoint Mr. Gold as Lead Plaintiff in the Action; and (ii) approve Mr. Gold's selection of Wolf Haldenstein as Lead Counsel for the Class.

Dated:  October 12, 2007

New York, New York

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

By: _____/s/_____
Gregory M. Nespole (GN 6820)
Laurence J. Hasson (LH-5834)
270 Madison Avenue
New York, New York 10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

**Proposed Lead Counsel**

Brian M. Felgoise, Esq.
**LAW OFFICES OF BRIAN M. FELGOISE, P.C.**
The Pavilion
261 Old York Road – Suite 423
Jenkintonw, PA 19046
P: 215-886-1900
F: 215-886-1909

/490412